

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RON HADDAD, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 6417 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| OAK PARK POLICE "OFFICER ) | |
| D. BROWN"– Star #339– and his Watch ) | |
| Commander; OAK PARK POLICE and ) | |
| VILLAGE; COOK COUNTY FOURTH ) | |
| DISTRICT JUDGE ZAFIRATOS and his ) | |
| Co-Judge who is since posted in ) | |
| Bond Court from November 3, 2008 to ) | |
| November 6, 2008; and the ) | |
| COOK COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ron Haddad, *pro se*, filed a four-page complaint with lengthy unnumbered paragraphs arising out of traffic citations he received on July 25, 2008. Defendant Judge Zafiratos, whose conduct appears to be the object of Plaintiff's Complaint, moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docket No. 14.) For the reasons stated below, the motion is granted.

## LEGAL STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) asserts the court's lack of power to address an alleged injury, while a motion under Fed. R. Civ. P. 12(b)(6) attacks the sufficiency of a particular claim.

1

Rule 12(b)(1) authorizes dismissals of complaints that bring no actionable claim within the subject-matter jurisdiction of the federal courts. A motion to dismiss for lack of subject-matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses subject-mattter jurisdiction of a case before it proceeds on the merits. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). In ruling on a motion brought under Fed. R. Civ. P. 12(b)(1), the court may, but need not, accept the truth of the allegations in the complaint and may look beyond the complaint and pleadings to evidence that calls the court's jurisdiction into doubt. *See Bastien v. AT&T Wireless Serv., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted) (*Tamayo*). However, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959 (2007) (*Bell Atlantic*). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. The amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). When considering a motion to dismiss under

Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff, all well-pleaded factual allegations are accepted as true and all reasonable inferences are construed in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

## BACKGROUND

Plaintiff's Complaint alleges the following facts. On July 25, 2006, Plaintiff was pulled over by Oak Park Police Officer Brown for disobeying a stop sign. Plaintiff was ticketed for the offense and for having expired plates. After protesting the tickets to no avail, Plaintiff was required to go to the police station and pay $75.00 bond or go to jail. Plaintiff complained to Brown's Watch Commander, who upheld Brown's actions.

Plaintiff and Brown subsequently appeared in court on the traffic citations before Judge Zafiratos. Plaintiff argued that Brown did not meet his burden of proving the traffic violations in question, but Judge Zafiratos nevertheless found Plaintiff "guilty on that stop sign false ticket."

Plaintiff then "used a strategy," he had successfully used in the past, of motioning to have his traffic case reheard by another judge. However, "unlike earlier cases," his case was not reheard by another judge but sent back to Judge Zafiratos. Plaintiff complained about Judge Zafiratos's conduct in handling the case, including complaining to the Illinois State Judicial Board of Review.

Unsuccessful in his complaints, Plaintiff filed this suit against Judge Zafiratos and the other named Defendants, seeking "an injunction or restraining order on Cook County Clerks' "NOTICE TO PAY FINES"- pending in this case" and $15,000,000.00 in damages. Plaintiff alleged violations of his federal constitutional rights.

## ANALYSIS

Judge Zafiratos contends federal subject-matter jurisdiction does not exist over the action on the basis of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars lower federal court jurisdiction over claims seeking review of state-court judgments or claims that are "inextricably intertwined" with state-court determinations. *Remer v. Burlington Area School District*, 205 F.3d 990, 996 (7th Cir. 2000) (*Remer*). The theory of the doctrine is that "no matter how erroneous or unconstitutional [a] state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer*, 205 F.3d at 996. Therefore, to challenge a state-court judgment, the plaintiff must appeal within the state court system and then to the United States Supreme Court.

On the other hand, the *Rooker-Feldman* doctrine does not preclude lower federal court review of federal claims independent of a state-court judgment. The crucial inquiry is whether the plaintiff seeks to set aside a state-court judgment, *i.e.*, whether the district court is "in essence being called upon to review the state-court decision" or whether the plaintiff is, in fact, presenting an independent claim. *Remer*, 205 F.3d at 996.

Judge Zafiratos contends Plaintiff could have raised, and apparently did raise, his accusations of improper conduct and fraud on the part of Judge Zafiratos and other defendants during his state traffic proceeding; however, Plaintiff's "defeat at the state level does not provide him a chance to appeal at the federal level."

Plaintiff does not dispute that he seeks to challenge Judge Zafiratos's determination in his traffic case. In his opposition brief, he argues that because of

4

corruption, Judge Zafiratos disregarded and refused to hear his position on his traffic citations and improperly credited ticketing officer Brown, thereby violating his constitutional rights to fair and impartial due process and against cruel and unusual punishment. Plaintiff asserts in his opposition: "The Federal Courts do have jurisdiction over this case because Judge Zafiratos's violations of my rights, are of a constitutional and other Federal Rights Law nature. Rights protected by Federal Law automatically give jurisdiction to Federal Court when violations of such rights come into play."

However, Plaintiff is incorrect. The *Rooker-Feldman* doctrine bars lower federal court jurisdiction over asserted civil claims that call into question or impair the enforceability of a state-court judgment, even if violations of federal rights are asserted. *See Garry v. Geils*, 82 F.3d 1362 (7th Cir. 1996) ("if a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear the case; and the only appeal is to the Supreme Court after a final judgment by the highest state court"). Plaintiff's action falls squarely under this doctrine. Although Plaintiff's four-page, single-spaced Complaint names persons other than Judge Zafiratos and complains of their conduct, the asserted federal claim Plaintiff alleges in this case is the improper determination made by Judge Zafiratos in the state traffic case. The conduct of the other persons appears as background and gives context to Plaintiff's claim against Judge Zafiratos. Therefore, Plaintiff's entire action is "inextricably intertwined" with the state traffic proceeding and is barred by the *Rooker-Feldman* doctrine.

In addition to arguing that Plaintiff's action is barred by the *Rooker-Feldman* doctrine, Judge Zafiratos also argues that Plaintiff's Complaint fails to state a claim against him because he is entitled to absolute judicial immunity. Plaintiff disputes that Judge Zafiratos is immune, arguing that Judge Zafiratos deliberately violated his constitutional rights, and there is "no immunity for Judges who deliberately use their office to do wrong." However, Judge Zafiratos is immune from suit in this case. Judges are entitled to absolute immunity for damages from their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). The doctrine is subject to only two exceptions: actions not taken in the judge's official capacity and actions taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Neither of those circumstances is alleged (or exists) here, and Judge Zafiratos is immune.

## CONCLUSION

For all of the reasons stated above, Judge Zafiratos's Motion to Dismiss is granted. This case is hereby dismissed in its entirety.

Date: May 20, 2009

JOHN W. DARRAH
United States District Court Judge